IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Mark Hayes,  )
    Petitioner,  )
    )
v.  )  1:24cv273 (LMB/IDD)
    )
Chadwick S. Dotson,  )
    Respondent.[1]  )

## MEMORANDUM OPINION

Mark Hayes ("Petitioner" or "Hayes"), a Virginia inmate proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his November 6, 2003 convictions in the Circuit Court of the City of Norfolk, Virginia for two murder convictions and two related firearms convictions. [Dkt. No. 1]. The Respondent filed a Rule 5 Answer and Motion to Dismiss with supporting briefs and exhibits [Dkt. Nos. 5–7], to which Hayes responded. [Dkt. No.11]. For the reasons that follow, Respondent's Motion to Dismiss, which asserts that Hayes' Petition is time–barred, will be granted and the Petition will be dismissed with prejudice.

**I. Procedural History**

In 2003, Hayes was indicted for two unconnected murders, the murder of Troy Jordan on August 17, 2002, and Tracy L .Gainer, on May 4, 2002, and for the use of a firearm in the commission of each murder, in violation of Virginia Code §§ 18.2–32, 18.2–53.1. Kevin Lamont Knight was charged as a co-defendant in the Jordan murder. Hayes pleaded guilty to both

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Chadwick S. Dotson, the current Director of the Virginia Department of Corrections, has been substituted as the Respondent.

murders and related firearms offenses and, on November 6, 2003, the trial court sentenced him to a total of 88 years in prison, with 43 years suspended. [Dkt. Nos. 7-1 and 7-2].

Hayes, by counsel, filed a petition for appeal in the Virginia Court of Appeals raising as the only issue that the trial court erred in sentencing him to a term of imprisonment that exceeded the sentencing guidelines. [Dkt. No. 7–4] at 8. On April 5, 2004, the court denied the petition. Id. at 19. Hayes, by counsel, filed a petition for appeal in the Virgina Supreme Court, asserting the same error. On September 9, 2004, the court refused the petition. Id. at 38. Hayes did not seek habeas corpus relief or review by the United States Supreme Court.

In 2006, Hayes filed two affidavits in support of co-defendant Kevin Lamont Knight's petition for a writ of actual innocence in the Virginia Court of Appeals. Knight v. Commonwealth, 837 S.E.2d 106, 116 (Va. Ct. App. 2020). Knight was also convicted of Jordan's murder after a jury trial. Id. at 109. The court denied Knight's petition on January 7, 2020, in an opinion that included a lengthy discussion of Hayes' 2006 affidavits. Id. at 116–18. Knight received a conditional pardon in 2022, with the help of the University of Virginia Innocence Project. See Mike Fox, Innocent Project Clients Win Freedom So Far in 2022 (March 10, 2022), https://www.law.virginia.edu/news/202203/6-innocenc3e-project-clients-win-freedom-so-far-2022.

In 2007, Petitioner's counsel hired National Legal Professional Associates ("NLPA"), a technical legal consulting firm that provides case evaluation services to attorneys whose clients wish to pursue post-conviction remedies. NLPA drafted a 19-page memorandum dated April 6, 2007, which discussed various post-conviction remedies and explained that Hayes had missed the deadline for seeking such remedies or was otherwise procedurally barred from pursuing most of them. (Hab. at 216-36). NLPA informed Hayes that his deadlines for filing state and federal

habeas petitions had expired in October and December 2005, respectively. NLPA advised that, even if such petitions were not time-barred, Hayes would be procedurally barred from raising any issue that he raised, or could have raised, in his direct appeal. Id. at 227-228. NLPA noted that, although "Mr. Hayes believes his confessions were coerced and maintains that he is actually innocent of the offenses[,] . . . constitutional issues such as police or prosecutorial misconduct, and even ineffective assistance of counsel issues are procedurally barred at this time." Id. at 235. NLPA concluded that Hayes' "best option for relief depend on his ability to discover and present new biological (DNA) evidence of his actual innocence." Id. at 235-236.

Despite NLPA's 2007 memorandum informing Hayes that he was time-barred from filing either a state or federal habeas petition, Hayes filed a pro se petition for a writ of habeas corpus in the Circuit Court for the City of Norfolk, Virginia on June 30, 2022,[2] asserting the following claims:

Claim I: Denied due process and equal protection right under the 14th Amendment to the U.S. Constitution when:

> i. The Commonwealth, through Detective Ford and in conjunction with him, knowingly used false statements from McAllister to secure warrants and an indictment against Hayes, as well as to get him to enter a plea of guilty in violation of Giglio.[3]
>
> ii. The Commonwealth withheld exculpatory evidence of the lab reports from the Division of Forensic Science regarding the licensed firearm taken off Hayes on November 10, 2022 by a Norfolk Police Officer G.D. Gardiola who claimed Hayes's firearm was concealed in violation of Brady.[4]
>
> iii. The Commonwealth also withheld exculpatory evidence of the lab reports from the Division of Forensic Science regarding the DNA found at the crime scene and upon/in the victim that was said by Detective Ford to belong to Hayes.

---

[2] References to the circuit court habeas proceedings will be designated as follows: (Hab. at __).
[3] Giglio v. United States, 405 U.S. 150 (1972).
[4] Brady v. Maryland, 373 U.S. 83 (1963).

3

> > iv. The Commonwealth further withheld exculpatory evidence of statements made by Kevin Knight against Petitioner Hayes.
>
> Claim II: Ineffective Assistance of Counsel and Denial of Due Process under the 6th and 14th Amendment Rights to the U.S. Constitution, when:
>
> > i. Counsel failed to perform a proper pretrial investigation of Petitioner's case.
> >
> > ii. Counsel allowed Petitioner to be interrogated by Detective Ford for a second time, after previously being told by Petitioner that Detective Ford violated his rights.
> >
> > iii. Counsel both supported the coercion from Detective Ford by relaying it to Petitioner and misleading him into entering a guilty plea that was not knowingly and intelligently entered, resulting in the conviction of Petitioner Hayes who is actually innocent.
> >
> > iv. Counsel misled Petitioner Hayes into entering a guilty plea that was not knowingly and intelligently entered, resulting in the conviction of Hayes who is actually innocent.

On May 19, 2023, the circuit court found that Hayes's state petition for a writ of habeas corpus was time-barred under Virginia Code § 8.01–654(A)(2) and dismissed the petition. [Dkt. No. 7–5] at 8–9. Hayes, proceeding pro se, filed a petition for appeal in the Virginia Supreme Court, which denied the petition on December 4, 2023. [Dkt. No. 7–4] at 59 (citing Va. Sup. Ct. Rule 5:17(c)(1)(iii)).[5]

## II. Petitioner's Federal Claims

On January 22, 2024, Hayes submitted the pending § 2254 petition in which he raises the following claims:

> Claim I: Denied Due Process and Equal Protection Rights under the 14th Amendment to the U.S. Constitution, when:
>
> > (a) the Commonwealth, through Detective Ford and in conjunction with him, knowingly used false statements from McAllister to secure

---

[5] Rule 5:17(c)(1)(iii) provides, in pertinent part, that:
> [a]n assignment of error that does not address the findings, rulings, or failures to rule on issues in the trial court or other tribunal from which an appeal is taken, or which merely states that the judgment or award is contrary to the law and the evidence, is not sufficient. . . . If the assignments of error are insufficient, the petition for appeal will be dismissed.

4

> warrants and an indictment against Hayes, as well as to get him to enter a plea of guilty in violation of Giglio.
>
> (b) the Commonwealth withheld exculpatory evidence of the lab reports from the Division of Forensic Science regarding the licensed firearm taken off Hayes on November 10, 2002 by a Norfolk Police Officer G.D. Gardiola who claimed Hayes's firearm was concealed in violation of Brady.
>
> (c) the Commonwealth also withheld exculpatory evidence of the lab reports from the Division of Forensic Science regarding the DNA found at the crime scene and upon/in the victim that was said by Detective Ford to belong to Hayes.
>
> (d) the Commonwealth further withheld exculpatory evidence of statements made by Kevin Knight against Petitioner Hayes.

Claim II:  Ineffective Assistance of Counsel and Denial of Due Process under the 6th and 14th Amendment Rights to the U.S. Constitution, when:

> (a) Counsel failed to perform a proper pretrial investigation of Petitioner's case.
>
> (b) Counsel allowed Petitioner to be interrogated by Detective Ford for a second time, after previously being told by Petitioner that Detective Ford violated his rights.
>
> (c) Counsel both supported the coercion from Detective Ford by relaying it to Petitioner, and misleading him into entering a guilty plea that was not knowingly and intelligently entered, resulting in the conviction of Petitioner Hayes who is actually innocent.
>
> (d) Counsel misled Petitioner Hayes into entering a guilty plea that was not knowingly and intelligently entered, resulting in the conviction of Hayes who is actually innocent

## III. Statute of Limitations

Respondent moves the Court to dismiss the federal habeas petition as untimely. Under the Anti-terrorism Effective Death Penalty Act ("AEDPA"), a petition for a writ of habeas corpus must be dismissed if it is filed more than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)–(D). This period generally begins on "the date on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review" and excludes "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(1)(A), (d)(2).[6]

Hayes's direct appeal concluded on September 9, 2004, when the Virginia Supreme Court refused his petition for appeal. Because he did not petition the United States Supreme Court for writ of certiorari, Hayes's conviction became final 90 days later, on December 8, 2004. See Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (under § 2244(d)(1)(A) a judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires"). Hayes had one year from that date, until December 8, 2005, to file a § 2254 petition. Absent statutory or equitable tolling, his federal petition is untimely.

In calculating the one-year period, the Court must exclude the time during which properly filed state collateral proceedings were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Because the state court found that Hayes' petition was time-barred, it was never "properly filed" and the statutory tolling provision does not apply. Moreover, statutory tolling is not even possible because Hayes did not file his state petition before the expiration of the limitations period for filing a federal habeas petition. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (the statutory tolling provision, 28 U.S.C. § 2244(d)(1), does not permit the reinitiation of the limitations period that has ended before the state petition was filed); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . filed

---

[6] Respondent also moves to dismiss Hayes' § 2254 petition because he failed to sign his petition under oath as required by Rule 2(c)(5) of the Rules Governing Section 2254 Cases ("Rule 2"). In his response, Hayes submitted the last page of a § 2254 petition form, which he signed and dated May 15, 2024. [Dkt. No. 11] at 7. The Court deems this sufficient to cure the defect.

6

following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"). Therefore, unless Hayes is entitled to equitable tolling, his petition is untimely and must be dismissed.

To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace, 544 U.S. at 418). The petitioner must specify the steps he took in diligently pursuing his federal claim. Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001). In addition, the petitioner must "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000); see Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) ("To merit application of equitable tolling, the petitioner must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time."); Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) ("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"). As the Fourth Circuit has explained, "rarely will circumstances warrant equitable tolling" because "any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 4th Cir. 2000). Hayes has shown neither that he pursued his

rights diligently nor that extraordinary circumstances prevented him from timely filing his federal petition.

Moreover, Hayes' argument for equitable tolling is relevant to only Claim 1(a) of his petition. He asserts that he learned that his guilty plea was obtained through police misconduct when he "discovered that it was McAllister [rather than another witness] who was used to secure the warrants and indictment against him when he read an article posted in the Lawrenceville Correctional Center's law library bulletin board sometime [in] April of 2022." [Dkt. No. 1-1] at 1. Upon reading the article, Hayes "discovered that the person charged as his codefendant [Kevin "Suge" Knight] was granted a conditional pardon." Id. at 2. According to Hayes, this article prompted him to conduct research regarding Knight's petition for a writ of actual innocence and the misconduct of the Norfolk police detective, Robert Ford, who investigated the murder for which Knight and Hayes were convicted. Id. Hayes does not explain how the 2022 article caused him to discover McAllister's alleged role in the issuance of the warrants and indictments against him nor how that information would support a claim for equitable tolling of the statute of limitations.

Petitioner's assertion that he did not learn about potential exculpatory evidence regarding Detective Ford and his interactions with McAllister and Knight is contradicted by his Petition and the affidavits he executed on January 6, 2006 ("January affidavit") [Dkt. No. 7-6], and on August 12, 2006 ("August affidavit"), to support co-defendant Knight's petition for writ of actual innocence. Not only does Hayes' Petition state that "Detective Ford forced Hayes to talk to him about information supplied to him by McAllister," [Dkt. No. 1-1] at 13, but Hayes' January 2006 affidavit goes into even greater detail:

> I was made to tell the story I told by way of coercion (mental/physical abuse), at the hands of Police officer R.G. Ford as he supplied me with information regarding the crime which he got from George McCallister.... I was informed by a

8

> street associate(s) that I was a person of interest in the murder of Troy Jordan and there was possibly a warrant out for my arrest and that of Kevin Knight, A person I only heard of in the street in the Neighborhood, as a result of the police investigation and statement(s) made by one George McCallister.

[Dkt. No. 7-6] at ¶¶ 3-4. The January affidavit describes Detective Ford's coercive actions in detail, including his threat to arrest Hayes' elderly mother, and reiterates that Hayes' statement was the result of Ford's coercion. Id. at ¶ 7. The affidavit shows that Hayes was aware of Detective Ford's coercion and misconduct in 2006.

Nothing in this record shows that Hayes was diligent in pursuing collateral relief or that any extraordinary circumstances prevented him from filing a timely petition. Hayes filed his state habeas petition on June 30, 2022, almost 17 years after the statute of limitations expired and more than 15 years after NLPA advised him that the statute of limitations and procedural bars foreclosed his ability to pursue habeas relief. (Hab. at 227, 234). He filed his federal petition 19 years after the statute of limitations expired and fails to provide any legitimate explanation for his delay or identify any steps he took to diligently pursue his claim during that time.

## V. Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss [Dkt. No. 6] will be granted, and the Petition will be dismissed by an order to be issued with this opinion.

Entered this 12 day of August 2024.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge

9